UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                                    Case No. 13-cr-20126-01-CM

ALFREDO RODRIGUEZ,

                Defendant.

## MEMORANDUM AND ORDER

On December 18, 2013, a grand jury charged Defendant Alfredo Rodriguez in Count 1 with conspiracy to distribute a controlled substance.[1] This matter is before the Court on the Government's oral motion for pretrial detention of Defendant (ECF No. 5) made on December 20, 2013. The Court held a hearing on the motion on December 26, 2013. The Court has considered the motion and the information proffered by counsel during the hearing, and, for the reasons set forth below, concludes that the motion for pretrial detention should be denied.

### I.    Temporary Detention to Permit Deportation

First, pursuant to 18 U.S.C. § 3142(d), the court is required to order temporary detention for up to ten days to permit deportation of a defendant under certain circumstances. Such detention must be ordered if the court determines that the defendant is not a citizen of the United States nor lawfully admitted for permanent residence, and that he or she "may flee or pose a danger to any other person or the community."[2] If temporary detention is ordered, the court must then notify the appropriate official of the Department of Homeland Security to allow them to take the defendant into custody for the purpose of deportation.

---

[1] *See* Indictment (ECF No. 1).
[2] 18 U.S.C. § 3142(d)(2).

As discussed in greater detail below, the Court does not find that Defendant "may flee or pose a danger to any other person or the community." As a result, the Court concludes that temporary detention to permit deportation under Section 3142(d) is not required here.

## II.  Standard for Detention

Under the Bail Reform Act of 1984, the court must order the pretrial release of the defendant, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[3] In making this determination, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[4]

A rebuttable presumption arises that no condition(s) will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds

---

[3] 18 U.S.C. § 3142(e).
[4] 18 U.S.C. § 3142(g).

probable cause that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act.[5] The court must resolve all doubts regarding the propriety of release in the defendant's favor.[6]

### III. <u>Application of the Factors</u>

First, in this matter, the rebuttable presumption arises that no condition(s) will reasonably assure the appearance of Defendant as required and the safety of the community, as the indictment constitutes probable cause to believe that the offense charged has been committed and that Defendant has committed it.

#### A. **Nature and Circumstances of the Offense**

Defendant is charged in Count 1 with conspiracy to manufacture, possess with the intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii)(II), and 21 U.S.C. § 2. If convicted, Defendant faces a minimum penalty of 10 years imprisonment and a maximum penalty of life imprisonment. The alleged offenses did not involve violence, a minor, or weapons. Based on the potential length of imprisonment Defendant is facing, the Court finds this factor to weigh against pretrial release

#### B. **Weight of the Evidence**

The Court finds that while the record alleges that Defendant committed unspecified acts in furtherance of the conspiracy, the evidence is not so overwhelming that it must weigh in favor of detention. The indictment itself constitutes probable cause to believe that the offense charged has been committed and that Defendant has committed it. This factor is neutral.

---

[5] 18 U.S.C. § 3142(e)(3)(A)
[6] *U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

### C. History and Characteristics of Defendant

Defendant is a 30-year old male citizen of Mexico. He has resided in Kansas City, Kansas since 2004 and has not returned to Mexico since then. He is married and has two children (ages 5 and 10) who are United States citizens. He lives with his wife and two children in a house which he owns and towards which he has paid off seven years of a fifteen-year mortgage. His mother, father, and three brothers all live in Kansas City, Kansas. He also has owned and run his own remodeling business for the past seven years. He has no prior criminal convictions.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due to his illegal status. The government argues that Defendant is a risk of flight based upon the ICE detainer. While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[7] As this Court has previously noted in the cases of *U.S. v. Lozano-Miranda*,[8] and *U.S. v. Garcia-Gallardo*,[9] the existence of the ICE detainer is not in and of itself sufficient grounds to find that a defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . . ."[10] The departure of an "alien who is needed in the United States as . . . a party to any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United States.[11] The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the

---

[7] *See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).
[8] No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).
[9] No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).
[10] 8 C.F.R. § 215.2(a).
[11] 8 C.F.R. § 215.3.

United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[12]

The Court finds that the Defendant has carried his burden in this regard. While recognizing that there is some risk of flight by Defendant due to the ICE detainer, the Court finds this risk is outweighed by Defendant's ownership of his own business for seven years, his ownership of his house for seven years, his residing in the community for nine years, the ages of his two children, his family ties to the community, and his lack of any prior criminal convictions. Further, there are conditions of release that could be set to reasonably assure his presence at trial.

### D. Danger to the Community

A presumption of danger to the community or other persons arises in this matter based on the charges for which Defendant has been indicted. Defendant has, however, no prior criminal convictions. Further, the record does not show that the alleged offense involved violence or weapons. Thus, the Court finds that this factor weighs in favor of pretrial release.

## IV. Conclusion

Having considered all relevant pleadings and the statements of counsel during the hearing, the Court finds that Defendant should be released. As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .." Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that Defendant has rebutted the presumption that no set of conditions of release will assure his pretrial presence and protect the community and other persons from danger.

---

[12] *Id.* (emphasis added).

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention (ECF No. 5) is denied. Defendant will be released subsequent to a hearing to determine the conditions of his release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **January 2nd, 2014 at 11:00 a.m.**

**IT IS FURTHER ORDERED** that Pretrial Services will provide proposed conditions of release prior to the hearing.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 31st day of December, 2013.

                                                s/ David J. Waxse
                                                David J. Waxse
                                                United States Magistrate Judge